IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-93-CR-368-G |
| DONALD JACKSON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Donald Jackson, appearing *pro se*, has filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(b)(2). For the reasons stated herein, the motion should be treated as a motion to correct, vacate, or set aside sentence and dismissed as successive.

I.

Defendant was convicted of robbery of a postal employee and using or carrying a firearm in the commission of a crime of violence. Punishment was assessed at 262 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. Jackson*, 50 F.3d 1355 (5th Cir. 1995). Defendant also filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. That motion was denied on the merits. *United States v. Jackson*, 3-96-CV-0691-G (N.D. Tex. Oct. 11, 1996), *COA denied*, No. 96-11429 (5th Cir. Apr. 16, 1997). Four other section 2255 motions were dismissed as successive. *United States v. Jackson*, No. 3-97-CV-2720-G (N.D. Tex. Nov. 13, 1997), *pet. for leave denied*, No. 97-0568 (5th Cir. Feb. 2, 1998); *United States v. Jackson*, No. 3-99-CV-1025-G (N.D. Tex. May 24, 1999), *COA denied*, No. 99-10857 (5th Cir. Dec. 17, 1999); *United States v. Jackson*, No. 3-04-CV-0274-G (N.D. Tex. Mar. 9, 2004), *appeal dism'd*, No. 04-10373 (5th Cir. Jun.

24, 2004); *United States v. Jackson*, No. 3-05-CV-0698-G (N.D. Tex. May 24, 2005).

Undeterred, defendant now seeks relief pursuant to 18 U.S.C. § 3582(b)(2). As grounds for his motion, defendant contends that his sentence was improperly enhanced based on facts not alleged in the indictment or determined by a jury in violation of *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

II.

The court initially observes that defendant may challenge his conviction and sentence only in a section 2255 motion.[1] *See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1156 (1999) (motions brought by federal prisoners under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, may be treated as section 2255 motion); *United States v. Harris*, 2005 WL 743051 at *1 (N.D. Tex. Mar. 31, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 887942 (N.D. Tex. Apr. 13, 2005) (Fitzwater, J.) (treating motion to reconsider final judgment in criminal case as successive section 2255 motion). Because defendant already has sought post-conviction relief, the court must determine whether he can bring this action without prior approval from the court of appeals.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that,

---

[1] Defendant purports to bring this motion under 18 U.S.C. § 3582(b)(2) which, in turn, allows a sentence of imprisonment to be "corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure[.]" However, Rule 35 requires the court to act within seven days of sentencing. *See* FED. R. CRIM. P. 35(a). Because defendant waited more than 11 years to file this motion, Rule 35 relief is no longer available.

if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## **RECOMMENDATION**

Defendant's motion to modify should be treated as a motion to correct, vacate, or set aside his sentence and dismissed without prejudice pending authorization from the court of appeals to file a successive motion in district court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 15, 2005.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE